UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN-OWNERS INSURANCE COMPANY,

        Plaintiff,

v.                                            Case No: 8:20-CV-1706-WFJ-TGW

FLORIDA CONSTRUCTION SERVICES, INC.; FIRST FLORIDA BUILDING CORPORATION; FIRST FLORIDA, LLC; APARTMENTS AT GRADY SQUARE, LLC; THE RICHMAN GROUP OF FLORIDA, INC.; GILBERTO SANCHEZ; and FIRST MERCURY INSURANCE COMPANY,

        Defendants.
_____/

FIRST MERCURY INSURANCE COMPANY,

        Defendant/Counter-Plaintiff,

v.

SOUTHERN-OWNERS INSURANCE COMPANY,

        Plaintiff/Counter-Defendant.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff Southern-Owners Insurance Company's

("Southern-Owners") Motion for Reconsideration, Dkt. 105. Defendants First Mercury Insurance Company ("First Mercury"), First Florida Building Corporation ("Florida Building"), and First Florida, LLC, filed responses. Dkts. 106 & 107. Defendant Gilberto Sanchez joined these responses. Dkt. 108. Upon consideration, the Court denies Southern-Owners' motion.

This District recognizes "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Adams v. Boeneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020) (citations omitted). A motion for reconsideration cannot be used to relitigate old matters or present evidence and arguments that could have been raised prior to the entry of judgment. *Allaben v. Howanitz*, 579 F. App'x 716, 719 (11th Cir. 2014). The movant bears the burden of presenting facts or law of a strongly convincing nature to persuade a court to reverse its prior decision. *Asokan v. Am. Gen. Life Ins. Co.*, 302 F. Supp. 3d 1303, 1310 (M.D. Fla. 2017). A motion for reconsideration is ultimately an extraordinary remedy that should be granted sparingly. *Id.*

The Court finds that Southern-Owners has failed to meet its burden. Southern-Owners' motion largely relitigates the same issues it previously presented to the Court without pointing to any new facts, controlling law, or need to correct a manifest injustice. Though Southern-Owners argues that the Court

should have found an exception to the "eight corners rule" because "uncontroverted facts do place this matter outside of coverage," Dkt. 105 at 3, the Court already addressed this argument and ruled in the subject order on the matter. Dkt. 100 at 12−13, 20. Relatedly, Southern-Owners contends that the Court erred in its application of the eight corners rule by considering the AIA contract and subcontract without considering other extrinsic evidence. Dkt. 105 at 4. The Court explained, however, that Southern-Owners was not entitled to summary judgment even if other extrinsic evidence was considered at this stage. Dkt. 100 at 19−23.

The Court also notes that "the eight corners rule is not as rigid" as Southern-Owners submits. *Weitz Co. v. Transp. Ins. Co.*, No. 8-23183-CIV-HUCK/O'SULLIVAN, 2009 WL 10669040, at *5 (S.D. Fla. May 19, 2009). Other courts have found that in cases where—as here—a court is determining who qualifies as an insured under a subject insurance policy, applying the eight corners rule is neither reasonable nor logical. *Id.* at *6; *see also Nateman v. Hartford Cas. Ins. Co.*, 544 So. 2d 1026, 1027 (Fla. 3d DCA 1989). To ignore the AIA contract or subcontract when determining who qualifies as an additional insured under the Southern-Owners policy would be to place the bargained-for rights of the insured in the hands of whoever drafts the underlying complaint. *Weitz Co.*, 2009 WL 10669040, at *6.

Southern-Owners' remaining arguments, which pertain to the applicability

3

of certain exclusions and provisions within the Southern-Owners policy, only amount to disagreements with the Court's interpretation of the policy and reprise of arguments previously made. Dkt. 105 at 4–9. This is insufficient to warrant reconsideration, as a motion for reconsideration is not the proper vehicle to address dissatisfaction with a court's reasoning. *Stalley v. ADS All. Data Sys., Inc.*, 296 F.R.D. 670, 687 (M.D. Fla. 2013). Accordingly, Southern-Owners' Motion for Reconsideration is denied.

      **DONE AND ORDERED** at Tampa, Florida, on December 17, 2021.

      */s/ William F. Jung*
      **WILLIAM F. JUNG**
      **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record